WHILDEN & HANCOCK, Appellant, v. HENRY R. SCHNEIDER and FRANCIS R. CLAURINI, Doing Business under the Firm Name and Style of H. R. SCHNEIDER & COMPANY, Respondents.

First Department, December 29, 1916.

Trial — verdict on counterclaim which ignores charge that plaintiff's claim has been established — new trial.

Where, in an action brought to recover moneys received by a sub-agent for which he has failed to account, the court submits the issues to a jury with a charge which assumes that the defendant had received the moneys as alleged by the plaintiff, and the jury, ignoring that fact gives the defendant a verdict for the full amount of his counterclaim, a new trial will be granted, as the jury has disregarded the ruling of the court.

APPEAL by the plaintiff, Whilden & Hancock, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of New York on the 8th day of February, 1916, upon the verdict of a jury, and also from an order entered in said clerk's office on the same day denying plaintiff's motion for a new trial made upon the minutes.

*Albert Massey,* for the appellant.

*Joseph L. Prager* for the respondents.

SCOTT, J.:

The plaintiff, a domestic corporation, and general agent for the State of New York for several foreign fire insurance com-

First Department, December, 1916.        [Vol. 175.

panies, appointed defendants sub-agents for the city of Brooklyn. This action is to recover the sum of $701.42, with interest claimed to have been received by said sub-agents as premiums upon certain policies, and not paid over or accounted for. The defendants set up certain offsets or counterclaims.

Although defendants, by their answer, formally denied the receipt of the sums sued for, it seems to be quite clear that they did in fact collect that sum, and that their denial was interposed only to put plaintiff to its proof. That denial, however, forced plaintiff to make proof, which it attempted to do by proving admissions made by defendants by way of weekly reports. The reports themselves were not available, and the trial court was in much doubt whether or not the secondary evidence offered was sufficient. Finally, however, the evidence was admitted, and the case sent to the jury with a charge which assumed that defendants' receipt of the $701.42 had been duly proven, and dealt only with the disputed questions as to the offsets or counterclaims asserted by defendants. Upon defendants' claim the jury found in their favor, and rendered a verdict therefor, entirely ignoring the plaintiff's claim, which, upon the evidence admitted by the court, had been clearly proven, with the result that the plaintiff, instead of recovering $123.22, as it should have done, had a verdict against it for $458, the total of the counterclaims asserted by defendants. In arriving at this verdict the jury necessarily disregarded and overruled the law in the case, as stated by the trial court. Whether or not the court was right in admitting the secondary evidence may have been doubtful as a question of law, but right or wrong, the jury was bound to accept the ruling of the court on that question, and for their obvious disregard of that ruling their verdict should have been set aside.

It follows that the judgment and order appealed from must be reversed and a new trial granted, with costs to appellant to abide the event.

CLARKE, P. J., McLAUGHLIN, SMITH and PAGE, JJ., concurred.

Judgment and order reversed, new trial ordered, costs to appellant to abide event.